USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SUPPLY CHAIN PRODUCTS, LLC,              :
                                         :        **ORDER**
                      Plaintiff,         :
                                         :        19-CV-11376 (ALC) (JLC)
            - against -                   :
                                         :
NRC CORPORATION,                         :
                                         :
                      Defendant.         :

-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The request for a "so ordered" subpoena is granted.  The subpoena is attached to this

Order.

**SO ORDERED.**

Dated: May 4, 2021
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| SUPPLY CHAIN PRODUCTS, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   19-CV-11376 (ALC) (JLC) |
| NCR CORPORATION | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
                         Defense Commissary Agency
                             1300 E Avenue
                         Fort Lee, VA  23801-1800
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit A.

| Place:   Defense Commissary Agency, Fort Lee, VA | Date and Time: <br> Thursday, May 27, 2021 at 9:00 a.m. CDT |
|---|---|

The deposition will be recorded by this method:    Stenographically via zoom videoconferencing and videotaped

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/04/2021

SO ORDERED.

*CLERK OF COURT*

                       JAMES L. COTT
                       United States Magistrate Judge      OR

           *Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Supply Chain Products, LLC                                     , who issues or requests this subpoena, are:
Kieran M. Corcoran; Stinson LLP, 1325 Avenue of the Americas, 27th Floor, New York, NY  10019; kieran.corcoran@stinson.com; (212) 763-8491; Douglas R. Boettge; Stinson LLP, 50 South Sixth Street, Suite 2600, Minneapolis, MN  55402; douglas.boettge@stinson.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.  19-CV-11376 (ALC) (JLC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DOCUMENTS TO BE PRODUCED
AND DEPOSITION TOPICS**

For purposes of the Document Requests and Topics for Examination, the following Definitions and Instructions shall apply.

**DEFINITIONS**

1.      "DeCA" and "You" mean the Defense Commissary Agency and, where applicable, its present or former officers, directors, employees, partners, subsidiaries or affiliates.

2.      "SCP" means Plaintiff Supply Chain Products, LLC and any of Plaintiff's present or former officers, directors, employees, partners, corporate parent, subsidiaries or affiliates; and any other person or entity purporting to act on Plaintiff's behalf.

3.      "NCR" means Defendant NCR Corporation and any of Defendant's present or former officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, including Retalix USA, Inc., and any other person or entity purporting to act on Defendant's behalf.

4.      "Invoice Reconciliation" means any procedure, process, or function that (a) facilitates a review as to whether you received the correct items or quantities of items from a seller based on information you obtained from the seller; or (b) facilitates the accounting, auditing, or payment of goods or services based on information you obtained from a seller.  This may include the comparison of information you obtained from the seller relating to cost, quantity, or item description, with the actual items or actual

quantity received and/or your expected costs, quantities, or item information based on your information, information maintained by you, or information generated by you.

5.    "Power Invoice Reconciliation" means the software created by SCP.

6.    The term "document" is defined to in include writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations— stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form, and shall include, but not be limited to, hard copy writings, electronic mail and files, drafts, and handwritten documents.

## INSTRUCTIONS

1.    In producing documents, you are to furnish all documents in your possession, custody, or control, regardless of the physical location of the documents or whether such documents or materials are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.    Electronically stored information shall be produced in the format in which it is ordinarily maintained.

3.    If any document is withheld on the basis of a claim of attorney-client privilege or attorney work product, each document shall be separately identified on a privileged document list along with: (a) the date that the document was created; (b) the sender(s); (c) the recipient(s), including copy recipients; (d) the general subject matter of the document; and (e) the portion of the document as to which privilege is claimed.

4. The Requests should be read in the most inclusive manner.

## DEPOSITION TOPICS

1. How Invoice Reconciliation is accomplished for DeCA.

2. DeCA's decision regarding what software to use to perform Invoice Reconciliation.

3. DeCA's license agreement(s) with NCR.

4. Each software product that DeCA uses to perform Invoice Reconciliation.

5. DeCA's relationship with NCR.

6. Communications between DeCA and NCR regarding Invoice Reconciliation, SCP, and/or Power Invoice Reconciliation.

## DOCUMENTS REQUESTED

1. All documents evidencing how DeCA performs any aspects of Invoice Reconciliation, including what software it uses to perform Invoice Reconciliation and how this software is used to perform Invoice Reconciliation.

2. All documents evidencing the rationale DeCA used when selecting the software that it uses to perform Invoice Reconciliation, when DeCA started to use this software to perform Invoice Reconciliation, and how much DeCA paid to acquire the software that is used to perform Invoice Reconciliation.

3. All documents evidencing communications between DeCA and NCR regarding Invoice Reconciliation functionality.

4. All documents evidencing communications between DeCA and NCR regarding SCP and/or Power Invoice Reconciliation.

5.     All agreements between DeCA and NCR relating to DeCA's license to use NCR's software, including software license and software maintenance agreements.

6.     All documents evidencing communications between DeCA and NCR regarding DeCA's use or nonuse of the NCR software known as HQ, DAX, Inventory Manager, Power Enterprise, Power Mobile, FIM, or Power Transportation, and which concern any aspects of Invoice Reconciliation.